Receipt # 064308

ORIGINAL

FILED
JAN 17 2006
U.S. COURT OF FEDERAL CLAIMS

ECF

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CARL W. LATSON, Plaintiff, v. THE UNITED STATES, Defendant. | No. 06-46 C |

For the complaint against Defendant, Plaintiff alleges as follows:

## I. PARTIES

1. Plaintiff Carl W. Latson is a Sergeant First Class of the Army National Guard residing in Pierce County and working in King County, Washington.

2. Defendant is the United States of America ("Government").

## II. JURISDICTION

3. This Court has subject matter jurisdiction pursuant to the Tucker Act, 28 U.S.C. §1491. This action is claim for money arising from Plaintiff Latson's service in the United States Military. The proper venue for this action is King County, Washington.



CLAUSEN LAW FIRM PLLC
MARK A. CLAUSEN WSBA 15693
701 FIFTH AVENUE - SUITE 7230
SEATTLE, WASHINGTON 98104
(206) 223-0335 - FAX (206) 223-0337
E-Mail: mclausen@clausenlawfirm.com

## III. FACTS

4. Carl W. Latson is a Sergeant First Class in the National Guard for the State of Washington. He is a longtime active member of the Guard, also known as "AGR." Sgt. Latson signed an Oath of Extension of Reenlistment on January 17, 2005, while he was serving in Iraq. The Government issued a memorandum prior to Sgt. Latson's agreement for re-enlistment that authorized soldiers in Sgt. Latson's position to receive bonuses of up to $15,000.

5. The Government represented that, upon reenlistment, he was eligible for a bonus plan of up to $15,000. On information and belief, the Government failed to inform him that, as an AGR soldier, he was eligible for a bonus of up to $60,000. The Government's obligation to pay the bonus is set forth in written documents attached hereto as Exhibit 1.

6. The Government and Sgt. Latson signed a written agreement that required the Government to pay Sgt. Latson the bonus of $15,000 when his new term of service began, in March 2005.

7. The Government has failed to pay Sgt. Latson his bonus. Latson has pursued the matter through the chain of command, with the National Guard compensation office, and with the Department of Defense. He has exhausted all known administrative procedures to obtain payment of his bonus. Government officials, including Sgt. Latson's superiors, have acknowledged the validity of the obligation to pay the bonus. Government officials have issued public statements that soldiers in Sgt. Latson's position will receive their bonus.

8. Sgt. Latson requested the appointment of a JAG from the State Judge Advocate General for the Washington National Guard Bureau, to assist him. No attorney has been appointed. Sgt. Latson has incurred substantial legal fees in his attempt to obtain payment of his bonus.



CLAUSEN LAW FIRM PLLC
MARK A. CLAUSEN WSBA 15693
701 FIFTH AVENUE • SUITE 7230
SEATTLE, WASHINGTON 98104
(206) 223-0335 • FAX (206) 223-0337
E-Mail: mclausen@clausenlawfirm.com

9. Sgt. Latson lodged a claim with the appropriate Inspector General for the National Guard Bureau and the State Inspector General for the National Guard Bureau Those agencies neither granted relief nor caused other agencies to pay the bonus.

10. Sgt. Latson requested a congressional inquiry, and obtained the assistance of Senator Patty Murray and Maria Cantwell. They and Congressman Norm Dicks have stated that the bonus will be paid but the Government has failed to pay the bonus.

11. An assistant Secretary of Defense represented in writing that Sgt. Latson probably was entitled to a reenlistment bonus of up to $60,000 as an AGR soldier. Despite repeated requests, the Government has failed to provide information concerning his eligibility for this program or to provide him the bonus represented to be available.

12. Hundreds of other soldiers are similarly situated to Sgt. Latson, and have not received bonuses promised upon their re-enlistment. If Sgt. Latson prevails, he will benefit all of those soldiers in compelling the Government to comply with its obligation to pay the bonuses.

## IV. FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

12. Latson realleges and incorporates herein by this reference as if set forth in full the allegations of paragraphs 1-11.

13. Latson has fully and properly performed and continues to fully and properly perform all of its obligations under the Reenlistment Contract with respect to his continued service with the National Guard Bureau.

14. Defendant has breach its duties under the contract by the following acts and omissions, among others; (1) failing to pay the $15,000 reenlistment bonus timely; (2) failing to apprise him of the available bonus program for AGR soldiers who re-enlist, and offering a bonus



CLAUSEN LAW FIRM PLLC
MARK A. CLAUSEN WSBA 15693
701 FIFTH AVENUE • SUITE 7230
SEATTLE, WASHINGTON 98104
(206) 223-0335 • FAX (206) 223-0337
E-Mail: mclausen@clausenlawfirm.com

that apparently conflicted with regulations or statutes; (3) failing to supply JAG counsel to assist him in pursuing his bonus; (4) failing to timely address his demands for payment.

15. Defendants are liable to Latson for all damages and losses resulting from such breaches, including without limitation all losses, liabilities, expenses, attorney fees or other costs incurred by Latson in connection with Latson's attempts for full performance under the contract.

## V. SECOND CAUSE OF ACTION
## REFORMATION OF CONTRACT

16. Latson realleges and incorporates herein by this reference as if set forth in full the allegations of paragraphs 1-15.

17. Sgt. Latson was not informed of an AGR reenlistment program that yield bonuses of up to $60,000, when he singed the reenlistment contract with the $15,000 bonus.

18. The Government's failure to inform Latson of his options to reenlist as an AGR soldier, and the representation that he would be paid $15,000 when such payment apparently conflicted with applicable law, constitute misrepresentations by the Defendant. Sgt. Latson reasonably relied upon the Government's representation in re-enlisting. The contract should be reformed or rescinded, at Sgt. Latson's option, in light of the misrepresentation.

19. To the extent his is eligible for the $60,000 AGR reenlistment bonus, his current reenlistment contract with $15,000 bonus should be reformed allowing Latson to obtain the full benefit available under the AGR program, provided that it is more favorable than the program that was offered to him.

## VI. THIRD CAUSE OF ACTION
## CIVIL RIGHTS VIOLATION



CLAUSEN LAW FIRM PLLC
MARK A. CLAUSEN WSBA 15693
701 FIFTH AVENUE • SUITE 7230
SEATTLE, WASHINGTON 98104
(206) 223-0335 • FAX (206) 223-0337
E-Mail: mclausen@clausenlawfirm.com

21. Sgt. Latson realleges and incorporates herein by this reference as if set forth in full the allegations of paragraphs 1-20.

22. Sgt. Latson's contract right to payment of the bonus is a constitutionally protected property right as defined by federal law. The Government's failure to pay the bonus constitutes a violation of Sgt. Latson's civil rights.

23. The Government's failure to pay the bonus entitles Sgt. Latson to compensation under 42 U.S.C. § 1983. Sgt. Latson is entitled to damages pursuant to that statute. Sgt. Latson is entitled to attorney's fees under 42 U.S.C. § 1988.

## VII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. A declaration that Sgt. Latson has fully followed all applicable administrative prerequisites to payment and is entitled to bring an action in this Court.
2. An order and judgment of the Court granting immediate payment of Latson's bonus under the current contract.
3. In the alternative, reformation of his current reenlistment contract to allow him to reenlist under the AGR program that yields a $60,000 reenlistment bonus.
4. Judgment awarding Plaintiff its costs and attorney fees incurred herein, as provided by 42 U.S.C. § 1988, the Equal Access to Justice statute, applicable "private attorney general" provisions and other authority at law or in equity.
5. Such other relief as the court deems just and appropriate under the circumstances.
6. Reservation of claims that cannot be brought in this Court and must be brought in the federal district court.



CLAUSEN LAW FIRM PLLC
MARK A. CLAUSEN WSBA 15693
701 FIFTH AVENUE • SUITE 7230
SEATTLE, WASHINGTON 98104
(206) 223-0335 • FAX (206) 223-0337
E-Mail: mclausen@clausenlawfirm.com

DATED this 13th day of January, 2006.

CLAUSEN LAW FIRM PLLC

Mark A. Clausen, WSBA # 15693
Attorney for Plaintiff



CLAUSEN LAW FIRM PLLC
MARK A. CLAUSEN WSBA 15693
701 FIFTH AVENUE - SUITE 7230
SEATTLE, WASHINGTON 98104
(206) 223-0335 • FAX (206) 223-0337
E-Mail: mclausen@clausenlawfirm.com

# OATH OF EXTENSION OF ENLISTMENT OR REENLISTMENT

*For use of this form, see AR 140-11 (USAR), and NGR 600-200 (ARNG); The proponent agencies are Commander, ARPERCEN and Chief, National guard Bureau*

**DATA REQUIRED BY THE PRIVACY ACT OF 1974 (5 USC 552a)**

AUTHORITY: Title 10, USC, Sec 270, 275 and 280, Title 32, USC Sec 302(c), and Executive Order 9397

PRINCIPAL PURPOSE(s): To be used when a member of the ARNG or USAR extends a current enlistment/reenlistment agreement (Chapter 2, NGR 600-200/Chapter5, AR 140-11)

ROUTINE USES: Confirmation of obligation and participation requirements, and as a basis for non-participation action if the individual fails to meet participation requirements. The SSN is used to identify the individual.

DISCLOSURE: Completion of this form and disclosure of SSN are voluntary. If member refuses to provide the requested information and sign the form, the member will be released upon normal ETS date. A copy of this form will be retained by the individual.

**EXTENSION PROCESS DATA**

1. THIS IS AN EXTENSION OF ENLISTMENT/REENLISTMENT OF A CURRENT MEMBER OF

- [X] ARMY NATIONAL GUARD AND A RESERVE OF THE ARMY
- [ ] A TROOP PROGRAM UNIT OF THE US ARMY RESERVE
- [ ] USAR-ACTIVE GUARD/RESERVE
- [ ] INDIVIDUAL READY RESERVE INDIVIDUAL MOBILIZATION AUGMENTEE

| 2. NAME (Last, first, MI) | 3. SOCIAL SECURITY NO. | 4. GRADE | 5. DATE |
|---|---|---|---|
| LATSON, CARL W. | 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 | SFC E7 | 050117 |

6. UNIT OF ASSIGNMENT (Include unit designation, address, UIC and ZIP Code)
ARNG/AGR,WQYQAA, HHC 81ST BRIGADE COMBAT TEAM
1601 W. ARMORY WAY, SEATTLE, WA 98119

7. CURRENT (Latest) DD FORM 4 OR DD FORM 4/1 THROUGH 4/4
a. DATE 940627   b. TERM OF SERVICE (YEARS) 8yrs 5wks   c. NUMBER OF EXTENSIONS PREVIOUSLY GRANTED TO CURRENT DD FORM 4 1
d. ETS 050306   e. BASIC PAY ENTRY DATE 920901

8. PROVISIONS AND COMPUTATIONS OF THIS EXTENSION

| | (Day) | (Month) | (Year(s)) |
|---|---|---|---|
| a. CURRENT ETS (Extracted from item 7d above) | 06 | 03 | 05 |
| b. PERIOD OF THIS EXTENSION | | 00 | 06 |
| c. NEW ETS (sum of a and b above) | 06 | 03 | 11 |

I have been counseled on all SRIP and GI Bill benefits. I am eligible and accept the following:
GI Bill ___ SLRP ___ $15,000.00 Extension Bonus CWL R-501-105-WA

9. AUTHORITY AND REASON FOR THIS EXTENSION
Rule B Table 7-1   PARA 7-5   [ ] (AR 140-111)   X (NGR 600-200)

**OATH OF EXTENSION**

I do hereby acknowledge this 17th day January, 2005, that I have voluntarily extended my current enlistment/reenlistment agreement of 27th Day of June, 1994, for the period indicated in item 8b above. I agree to remain a member of the (Army National Guard of Washington and as a Reserve of the Army) ~~(United States Army Reserve)~~ during the entire period of this extension. I understand this extension will Establish my Expiration Term of Service (ETS) date as shown in item 8c.

SIGNATURE [signature]   DATE 050117

**OFFICER CERTIFICATION**

I certify that the above Oath of Extension was subscribed and duly sworn before me this 17TH day of January, 2005.

| TYPED NAME, GRADE, AND BRANCH OF COMMISSIONED OFFICER* | SIGNATURE OF COMMISSIONED OFFICER* |
|---|---|
| HILMAN, OSCAR B., O-7, General Officer | [signature] |

* ~~Or warrant officer, or~~ any person so designated to administer oaths under State law, for member of the Army National Guard.

DA FORM 4836, NOV 86

ARNG: Gaining unit will retain this copy
USAR: (Unit members) - Forward this copy through Major U.S. Army Reserve Command (MUSARC) to: Cdr, ARPERCEN, ATTN: DARP-SPA-A, St Louis, MO 63132-5200
(IRR members) - Forward this copy directly to Cdr, ARPERCEN, ATTN: DARP-SPS-RR, St Louis, MO 63132-5200

1

EXHIBIT 1

ANNEX R TO DD FORM 4 OR DA FORM 4836
REENLISTMENT/EXTENSION BONUS ADDENDUM
ARMY NATIONAL GUARD of the UNITED STATES
For use of this form see NGR 600-7. The proponent agency is NGB-ARM

---DATA REQUIRED BY THE PRIVACY ACT OF 1974---

AUTHORITY: 37 USC 308b title 37, USC and section 552a, title 5, USC

PRINCIPLE PURPOSE: To explain obligation and participation requirements for entitlement under SRIP and to ensure that your agreement to these conditions is a matter of record.

ROUTINE USES: To confirm requirements of obligation and participation requirements for entitlement under the SRIP, occasionally as a basis for suspension, termination and recoupment if requirements are not met.

DISCLOSURE: Disclosure of your SSN is voluntary; however, if not provided, you will not be eligible for the reenlistment/extension bonus.

---SECTION I - GENERAL---

The reenlisting/extending official will explain these SRIP requirements. One copy will be attached to the DD Form 4/DA Form 4836 and listed as Annex R and a copy will be given to the soldier.

---SECTION II - ELIGIBILITY---

Upon my reenlistment or extension in the Army National Guard of the United States I am eligible for a Reenlistment or Extension Bonus under the Selected Reserve Incentive Program (SRIP) if I meet the following criteria **(Initial as appropriate item 7 or 8):**

1. I meet all reenlistment or extension eligibility criteria in NGR 600-200.

2. I am qualified in and hold as primary the MOS to which I am assigned and hold the rank and grade of, or am no more than one grade below, the required grade of the position.

3. I am not re-enlisting or extending for a Title 10 or Title 32 AGR tour nor am I re-enlisting or extending for a technician position.

4. I am not currently serving on a Title 10 or Title 32 AGR tour nor am I currently serving in a technician position.
5. I have been a satisfactory participant during the 3 months prior to the date of my reenlistment or extension.

6. I have **less than 16 years** of total military service at current Expiration Term of Service (ETS) and I am re-enlisting or extending for 3 years within 90 days prior, or 24 hours after, completion of my current ETS.______________ *(Initial)* (or)

7. I have **less than 16 years** of total military service at current Expiration Term of Service (ETS) and I am re-enlisting or extending for 6 years within 90 days prior, or 24 hours after, completion of my current ETS.______WW______ *(Initial)*

8. I understand that if I am being mobilized and I am contracting for the re-enlistment/extension bonus, I must initiate and sign this addendum while in a Combat Zone in order to receive the tax-free option. ______WW____(Initials)

----------------SECTION III - BONUS AMOUNT and PAYMENTS----------------

Incentive amount and payments will be as follows (*Initial as appropriate item 1 or 2*). *(This is based on the NGB policy memorandum in effect at the time of Reenlistment/Extension):*

1. I will receive a bonus of $7,500 or $6,000 for a 3-year reenlistment/extension or $15,000 for a 6-year reenlistment/extension as indicated below.

a. ___________ For a first 3 year reenlistment/extension I will receive a total bonus of $7,500. My Lump Sum payment of $7,500 will be processed on the date that my reenlistment or extension contract takes effect (1 day after current ETS).

b. ___________ For a second 3 year reenlistment/extension I will receive a total bonus of $6,000. My Lump Sum payment of $6,000 will be processed on the date that my reenlistment or extension contract takes effect (*1 day after current ETS*). ***(note: Does not have to be consecutive with the 1st 3-year reenlistment/extension bonus).***

c. ____WW____ For a 6 year reenlistment/extension I will receive a total bonus of $15,000. My Lump Sum payment of $15,000 will be processed on the date that my reenlistment or extension contract takes effect (1 day after current ETS). ***(May have more than one 6-year reenlistment/extension bonus in career).***

2. I understand that I will not receive a payment if I do not meet all requirements at the time my reenlistment or extension takes effect. My reenlistment or extension will be verified and certified by the proper authority prior to any payment being processed.

----------------SECTION IV- SUSPENSION----------------

I understand I will be suspended from bonus eligibility if I:

1. Enter a period of non-availability *(placement in the Inactive National Guard (ING)).* Maximum periods of non-availability are:
   a. 1 year for personal reasons.
   b. 3 years for missionary obligations.

2. Am flagged (*suspension of favorable personnel action per AR 600-8-2)* for an adverse action other than failure to maintain body composition standards or Army Physical Fitness Test (APFT) failure.

3. Reinstatement of bonus eligibility is not guaranteed. Provided I meet all requirements for participation, payments will be processed effective on the date the suspension is lifted or on the adjusted anniversary date of satisfactory creditable service.

4. Per current NGB policy and regulatory guidance in place at the time of signing this contract.

-----SECTION V - TERMINATION-----

I understand I will be terminated from bonus eligibility with recoupment if I:

1. Become an unsatisfactory participant by–
   a. Accumulating 9 unexcused absences within a 12-month period. Termination and recoupment will take effect on the date of the 9th unexcused absence; or–
   b. Failing to attend or complete Annual Training (AT) without Commander approval. Termination and recoupment will take effect on the first day of annual training.

2. Voluntarily transfer to a non-bonus unit. Recoupment is required from the date of transfer.
   *NOTE: Reassignment due to NGR 600-200, chapter 11, does not affect bonus entitlement.*

3. Fail to extend my enlistment for time served in the ING within 30 days after return to my unit. Recoupment is required from the effective date of transfer to the ING.

4. Exceed maximum time in the ING. Recoupment is required from the date of transfer into the ING.

5. Accept a military technician position effective on the start date. Recoupment is not required if I have served at least 6 months of the incentive contract following the date of bonus payment eligibility..

6. Accept an AGR Title 10 or Title 32 tour effective on the date my AGR orders. Recoupment is not required if I have served at least 6 months of the incentive contract following the date of bonus payment eligibility.

7. Participate in one of the following programs (*Recoupment is not required*):
   a. SMP/ROTC advance course.
   b. Receive an ROTC Scholarship.

8. Do not become qualified in and be awarded as primary MOS, the MOS required for my position within 24 months after a voluntary or involuntary transfer due to unit inactivation, reorganization, or relocation. Termination is effective on the date of transfer. Recoupment is not required.

9. Do not become qualified in and be awarded as primary MOS, the MOS required for my position within 24 months after a voluntary transfer into a bonused MOS or bonus unit. Recoupment is required from date of transfer.

10. Accept a commission as an officer or an appointment as a warrant officer after I have served 1 year or more of Selected Reserve service under this agreement. Recoupment is not required.

11. Separate from the ARNG and enter active duty in a U.S. Armed service. Recoupment is required.

12. Separate from the ARNG for any reason (*recoupment is required* ) unless due to death, injury, illness, or other impairment not the result of own misconduct.

13. Per current NGB policy and regulatory guidance in place at the time of signing this contract.

----------SECTION VI-RECOUPMENT----------

Recoupment will be based upon multiplying the number of months served satisfactorily during the term for which the incentive was authorized by the proportionate monthly dollar amount. This amount will be determined by dividing the total authorized bonus amount by 36 months for a 3-year bonus or 72 months for a 6-year bonus. The amount of the bonus I am entitled to keep will be subtracted from the total bonus paid to date. If calculations indicate an overpayment that amount will be recouped. If calculations indicate that I have earned more than I have received, I will be paid the difference in a final installment.

----------SECTION VII - STATEMENT OF UNDERSTANDING----------

I have read this addendum in its entirety. I understand all of the above statements concerning my reenlistment or extension bonus. I understand that this addendum will be void if I do not meet all of the requirements. No other promises have been made to me in connection with this reenlistment or extension bonus addendum of signature

050117

Date Signed

Carl W. Latson

Typed or Printed Name

Signature of soldier

438154196

SSN of soldier

----------SECTION VIII VERIFICATION BY SERVICE REPRESENTATIVE----------

Unit and address

050117

Date of signature

BUKER, PATRICK D./SFC

Typed Name/Rank of Enlisting Official

Signature of Enlisting Official

BONUS CONTROL NUMBER R-501-105-WA

Contract was verified by State Incentive Manager for accuracy.

Printed name and Signature of incentive manager Date

(Must be reviewed by incentive manager prior to payment being made.)