IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CARL W. LATSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-46 C |
| | ) | (Judge Allegra) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS WITH APPENDIX AND WITH REGULATORY ADDENDUM**

Pursuant to 12(b)(1) of the Rules of the United States Court of Federal Claims (the "RCFC"), defendant, the United States, respectfully requests that the Court to dismiss for lack of jurisdiction Sergeant First Class ("SFC") Latson's claim for relief under 42 U.S.C. § 1983 (Count III). Pursuant to RCFC 12(b)(6) the United States respectfully moves to dismiss all SFC Latson's remaining claims, including claims for damages for breach of an alleged contract (Count I), for reformation of an alleged contract (Count II), and, in his prayer for relief, for immediate payment of a bonus of $15,000, for failure to state a claim upon which relief can be granted. In support of this motion, defendant relies upon the following brief, the accompanying appendix ("App."), consisting of excerpts from SFC Latson's official military records, and a Regulatory Addendum.

**STATEMENT OF THE CASE**

SFC Latson filed this action seeking damages for breach of an alleged contract for reenlistment (Count I), for reformation of that alleged contract (Count II), for relief under 42 U.S.C. § 1983 (Count III), and, in his prayer for relief, for immediate payment of a bonus of $15,000.

Here, 37 U.S.C. § 308, Special Pay: reenlistment bonus, provides that "a member of a uniformed service who . . . may be paid a bonus as provided . . . ." In pertinent part, section 308 provides that a service member may be eligible for a bonus of $15,000 if he "reenlists or voluntarily extends the member's enlistment for a period of at least three years – . . . (ii) in a reserve component of the service concerned, if the member is performing active Guard and Reserve duty (as defined in section 101(d)(6) of title 10)." 37 U.S.C. § 308(a)(1) (as it was amended by subsection 618(a) of the Defense Authorization Act for Fiscal Year 2005, Pub. L. No. 108-375, 118 Stat. 1811 (2004)).[1] Department of Defense Instruction

---

[1] National Defense Authorization Act for Fiscal Year 1999, Pub. L. No. 105-261, § 618, 112 Stat. 2042 (1998), amended section 308 to allow payment of the active duty bonus under that provision to Active Guard and Reserve ("AGR") service members. See Department of Defense Instruction 1205.21, ¶ E2.1.5.

1205.21 (September 20, 1999), Subject: Reserve Component Incentive Programs Procedures (appended), and Department of Defense Directive 1304.21 (January 31, 2005), Subject: Policy on Enlistment Bonuses, Accession Bonuses for New Officers in Critical Skills, Selective Reenlistment Bonuses, and Critical Skills Retention Bonuses for Active Members (specifically ¶ E1.4.2.4) (appended), implement these provisions.

On November 13, 2003, the Army ordered SFC Latson to active duty pursuant to 10 U.S.C. § 12302. Orders 317-068 (November 11, 2003), App. 1-2. On January 17, 2005, SFC Latson executed an Oath of Extension of Enlistment or Reenlistment (DA Form 4836) ("Oath") and therein agreed to serve for a six-year reenlistment, a copy of which is appended to the complaint. Complaint, Exhibit 1. The Oath reflects SFC Latson's belief that he would receive a $15,000 extension bonus. The Annex to the Oath reflects as a requirement for eligibility for the bonus that SFC Latson was "not reenlisting for a Title 10 . . . tour" and that he was "not currently serving on a Title 10 . . . tour." On April 18, 2005, he was released from active duty. Certificate Of Release Or Discharge From Active Duty, App. 3.

## ARGUMENT

### I. The Court Lacks Jurisdiction To Entertain SFC Latson Claims For Relief Pursuant To 42 U.S.C. § 1983.

This Court lacks jurisdiction to entertain SFC Latson's claims in Count III brought under 42 U.S.C. § 1983. Blassingame v. United States, 33 Fed. Cl. 504, 505 (1995) ("Section 1983 is not a jurisdiction-granting statute. District courts are given jurisdiction to hear claims for damages for violation of that provision by virtue of 28 U.S.C. § 1343(a)(4) (1988). Such an action cannot be sustained here, however, because this court has not been given an equivalent jurisdiction."), aff'd, 73 F.3d 379 (Fed. Cir. 1995) (unpublished).

### II. SFC Latson's Contractual Claims Based Upon The Oath Of Extension Of Enlistment Or Reenlistment He Executed Fails State A Claim For Relief Upon Which Relief Can Be Granted.

Under the controlling precedent, SFC Latson's claims for relief upon various theories of contract fail to set forth a claim upon which relief can be granted.

> The duty to pay the servicemen their bonuses is not contractual, however, and the mere reference to the "entitlement to pay, allowances, and other benefits" in their enlistment and/or re-enlistment contracts does not transform it into a duty which, if violated, gives rise to contractual damages. See United

> States v. Larionoff, 431 U.S. 864, 869 (1977). It is well-established that "a soldier's entitlement to pay is dependent upon statutory right." See Bell v. United States, 366 U.S. 393, 401. Count One, in short, fails to state a claim upon which relief can be granted. See Wyatt v. United States, 2 F.3d 398, 402 (Fed. Cir. 1993). The appropriate way to evaluate the merits of plaintiffs' claim is by examining the statutory and regulatory provisions.

Favreau v . United States, 317 F.3d 1346, 1356-57 (Fed. Cir. 2003) (adopting and reprinting the decision of this Court published at 49 Fed. Cl. 635 (2001)) . As a general proposition, "[m]oney may be paid out only through an appropriation made by law; in other words, the payment of money from the Treasury must be authorized by a statute." Office of Personnel Management v. Richmond, 496 U.S. 414, 424 (1990). SFC Latson, thus, has no entitlement to any relief except in accordance with the applicable statutes and regulations.[2] Schism v. United States, 316 F.3d 1259, 1278 (Fed. Cir. 2002) (en banc).

---

[2] Even there could be a contract for re-enlistment as alleged, SFC Latson would have the burden to demonstrate (1) mutuality of intent to contract, (2) consideration, (3) an unambiguous offer and acceptance, and (4) actual authority on the part of the Government's representative to bind the government. United Pacific Ins. Co. v. Roche, 401 F.3d 1362, 1366 (Fed. Cir. 2005).

The holding of Favreau v . United States, 317 F.3d at 1356-57, clearly bars SFC Latson's claims for damages for breach of contract of an alleged contract (Count I). The Oath he signed does not on its face or as a matter of law constitute a contract entitling him to any specific benefits payable from the Treasury.

Similarly, the holding of Favreau v . United States, 317 F.3d at 1356, that "the duty to pay the servicemen their bonuses is not contractual" clearly bars SFC Latson's claim here on Count II for contract reformation. Since there is no contract, obviously there is no claim for reformation of a contract which does cannot exist as a matter of law.

Finally, SFC Latson's claim in his prayer for relief for entry immediately of a judgment representing an enlistment bonus of $15,000 is clearly infirm, because the Oath he signed does not comply with the applicable statute, 37 U.S.C. § 308(a)(1), and implementing regulation, Department of Defense Instruction 1205.21, Enclosure 5, Written Agreement Reenlistment Bonus. While serving on active duty pursuant to title 10, specifically 10 U.S.C. § 12302, App. 1-2, SFC Latson acknowledged his eligibility for a reenlistment bonus subject to the requirement that he was not serving on active duty ("a Title 10 . . . Tour"). Oath Section II, Eligibility

Annex to Oath (appended to complaint). The Oath he executed on its face is inconsistent both with the sole statutory and regulatory authority which potentially entitle SFC Latson to a $15,000 bonus and with SFC Latson's actual status when he signed the Oath. The apparent administrative error which resulted in SFC Latson being proffered an inapplicable enlistment oath is regrettable, but error must be corrected in order that his military records properly reflect his military status and resulting eligibility for a reenlistment bonus in accordance with that status.

At this juncture, SFC Latson is not entitled to payment of any enlistment bonus. Upon his proffer of a properly completed reenlistment oath, however, the United States will consent to entry of to judgment for SFC Latson in the amount of $15,000, in accordance with 37 U.S.C. § 801(a), as it was amended by subsection 618(a) of the Defense Authorization Act for Fiscal Year 2005, Pub. L. No. 108-375, 118 Stat 1811 (2004), and for no other relief. This would avoid the possible harsh preclusive effect of an entry of judgment for failure to state a claim upon which relief can be granted.

## CONCLUSION

Based upon the foregoing, the Court should dismiss SFC Latson's complaint for lack of jurisdiction and for failure to state a claim upon which relief can be granted. As set forth above, however, the United States, upon SFC Latson's proffer of a properly executed re-enlistment oath, will consent to the entry of judgment for SFC Latson in the amount of $15,000 and no other relief.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

BRIAN M. SIMKIN
Assistant Director

/s/ John S. Groat
JOHN S. GROAT
Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 514-4325/616-8260
Fax: (202) 514-7965

MAJOR CHRISTOPHER SOUCIE
Military Personnel Branch
Litigation Division
U.S. Army
901 N. Stuart St.
Arlington, VA 22203-1837

May 19, 2006

Attorneys for the Defendant